Wayne N. Outten
Anne Golden
Adam T. Klein
Laurence S. Moy
Gary Phelan
Kathleen Peratis
Justin M. Swartz
Jack A. Raisner
Wendi S. Lazar
Carmelyn P. Malalis
Tammy Marzigliano

Allegra L. Fishel
Lewis M. Steel
Nantiya Ruan
Deborah L. McKenna
René S. Roupinian
Julia Griffin Murphy
Samuel R. Miller
Delyanne D. Barros
Rachel M. Bien
Katherine Blostein
Molly Brooks
Cara E. Greene
Seth M. Marnin
Ossai Miazad
Melissa Pierre-Louis
Lauren Schwartzreich
Juno Turner

# OUTTEN & GOLDEN LLP

*Advocates for Workplace Fairness*





December 31, 2009

**Via Hand Delivery**
The Honorable Alvin K. Hellerstein
United States District Court Judge for the
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *Benavidez et al. v. Plaza Mexico, Inc. et al.*, 09-5076 (AKH) (THK); *Paez et al. v. Plaza Mexico, Inc. et al.*, 09-9574 (AKH) (THK)

Dear Judge Hellerstein,

We represent the Plaintiffs, current and former workers at Mama Mexico restaurants in New York and New Jersey, in the above-referenced wage and hour putative class and collective actions.

On December 24, 2009, Defendant Plaza Mexico, Inc. filed a voluntary petition for Chapter 11 bankruptcy in the Bankruptcy Court for the Southern District of New York. A copy of the bankruptcy petition is attached hereto as Exhibit A. We assume that the automatic stay provisions of 11 U.S.C. § 362(a)(1) will apply to stay any further proceedings against Plaza Mexico, Inc.

We write to request that the Court allow this action to proceed against all other Defendants, including the individual defendants, none of whom are named as debtors in the bankruptcy filing. *See Chu Chung v. New Silver Palace Rest.*, 246 F. Supp. 2d 220 (S.D.N.Y. 2002) (Hellerstein, J.) ("The automatic stay imposed by section 362(a)(1) of the Bankruptcy Code, 11 U.S.C. § 362(a)(1) affects only [the corporate debtor]; it does not apply to plaintiff's claims against the restaurant's non-debtor co-defendants.") (citing *Nippon Fire & Marine Ins. Co., Ltd. v. Skyway Freight Sys., Inc.*, 235 F.3d 53, 58 (2d Cir. 2000)). In particular, Plaintiffs respectfully request that the Court proceed to certify the class and collective actions against all non-debtor corporate and individual Defendants consistent with the terms of the Proposed Order submitted by the parties on December 22, 2009. The voluntary filing of one Defendant's bankruptcy petition should not prevent Plaintiffs from proceeding with their claims on a class-wide basis, especially when, according to the debtor's bankruptcy counsel, the restaurant remains

3 Park Avenue, 29th Floor   New York, NY 10016   Tel 212-245-1000   Fax 212-977-4005
4 Landmark Square, Suite 201   Stamford, CT 06901   Tel 203-363-7888   Fax 203-363-0333
og@outtengolden.com   www.outtengolden.com

open and expects to "be back up to speed relatively quickly." *See* Adrianne Pasquarelli, *No holiday cheer for Mexican Eatery*, Crain's New York Business, Dec. 28, 2009, http://www.crainsnewyork.com/article/20091228/SMALLBIZ/912289991 (Exhibit B).

We also request that the Court allow Plaintiffs to continue to file consent forms from individuals wishing to opt in to the FLSA collective action. Although the automatic stay tolls all statutes of limitation as to the debtor, they continue to run vis-à-vis the other Defendants. *See Romero v. Flaum Appetizing Corp.*, 07 Civ. 7222, 2009 U.S. Dist. LEXIS 80498, *5-6 (S.D.N.Y. Aug. 17, 2009) (statute of limitations runs until each opt-in plaintiff files a consent with the Court). Plaintiffs further request that the Court deem any consent forms filed after the automatic stay is initiated to be filed as to the non-debtor entities only. Alternatively, Plaintiffs request that the Court toll the statutes of limitations for potential opt-in Plaintiffs as to all Defendants so that Plaintiffs are not required to file consents and risk violating the automatic stay in order to preserve their claims.

We thank the Court for its attention. Plaintiffs are prepared to appear and discuss this matter should the Court deem it necessary.

Respectfully submitted,

Juno Turner

Enclosure
cc: Keith Gutstein, Esq. (via email)
     Jeffrey A. Meyer, Esq. (via email)
     Robert M. Sasloff, Esq. (via email and first class mail)
     Brian S. Schaffer, Esq.
     Rachel M. Bien, Esq.