IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **TERESA LARA BENAVIDEZ, MARIA DE LOURDES GALVEZ, JAMIE HUERTA, FLORA ZURITA, MARIA DE LOURDES VASCONEZ ALARCON, LABRARMY GARCIA, and ESTEBAN NADER,** on behalf of themselves and all others similarly situated,<br><br>**Plaintiffs,**<br><br>-against-<br><br>**PLAZA MEXICO, INC., PIRAMIDES MAYAS INC., MAMA MEXICO MIDTOWN REALTY LLC, SHADDAI INC., MAMA MEXICO ENGLEWOOD REALTY LLC, JUAN ROJAS CAMPOS, and LAURA CHAVEZ,**<br><br>**Defendants.** | 09 CIV 5076 (AKH)(THK) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO CERTIFY CLASS AND COLLECTIVE CLAIMS AGAINST NON-DEBTOR DEFENDANTS**

**INTRODUCTION**

Plaintiffs, restaurant workers who work or worked at Defendants' three restaurants in New York and New Jersey, respectfully move the Court for an order certifying the class and collective claims against non-debtor Defendants Piramides Mayas Inc., Mama Mexico Midtown Realty LLC, Shaddai Inc., Mama Mexico Englewood Realty LLC, Juan Rojas Campos, and Laura Chavez.

**PROCEDURAL BACKGROUND**

On May 29, 2009, Plaintiffs Theresa Lara Benavidez, Maria de Lourdes Galvez, Jamie Huerta, and Flora Zurita filed a putative class and collective action on behalf of "front of the house" restaurant workers – servers, runners, bussers, and bartenders – at Defendants' two Mama Mexico restaurants located in New York City. Plaintiffs alleged that they and other similarly situated workers were denied proper minimum wages, overtime pay, customer tips, and other pay. (Compl. Docket No. 1.) On August 17, 2009, Plaintiffs amended their complaint, adding named Plaintiffs Maria de Lourdes Vasconez Alarcon, Labrarmy Garcia, and Esteban Nader and class claims under New Jersey's Wage and Hour Law on behalf of workers at the Mama Mexico restaurant in Englewood Cliffs, New Jersey. (1st Amend. Compl. Docket No. 9.) Plaintiffs amended their complaint again on December 10, 2009, in compliance with the Court's order to sever the individual discrimination and tort claims from the wage and hour claims. (2d Amend. Compl. Docket No. 33.)

On November 20, 2009, during the case management conference, the Court stated that it would grant class certification pursuant to Fed. R. Civ. P. 23 and collective certification pursuant to 29 U.S.C. § 216(b). (Supplemental Declaration of Rachel Bien, dated January 6, 2010 ("Suppl. Bien Decl.") ¶ 4.) At the conference, the Court ordered Plaintiffs to submit a proposed

1

order granting class and collective certification.  (*Id*.)  On December 22, 2009, Plaintiffs asked the Court to certify the class and collective by submitting a proposed order per the Court's instructions.  (*Id*. ¶ 5.)  Defendants did not oppose Plaintiffs' request.  (*Id*.)

On December 24, 2009, Defendant Plaza Mexico, Inc. filed for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Southern District of New York.  (*Id*. Ex. A.)  Plaza Mexico, Inc.'s bankruptcy counsel told the press that he expected the restructuring to be short and that the company "would be back up to speed relatively quickly."  (*Id*. Ex. B.)  Defendants Piramides Mayas Inc., Mama Mexico Midtown Realty LLC, Shaddai Inc., Mama Mexico Englewood Realty LLC, Juan Rojas Campos, and Laura Chavez have not filed for bankruptcy.  (*Id*. ¶ 8.)

## ARGUMENT

**I.     The Bankruptcy Filing Does Not Affect Claims Against the Non-Debtor Defendants.**

"It is well-established that stays pursuant to [11 U.S.C.] § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."  *Teacher's Ins. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986); *Chu Chung v. New Silver Palace Rest.*, 246 F. Supp. 2d 220, 226 (S.D.N.Y. 2002).  In *Chu Chung v. New Silver Palace Restaurant*, a restaurant case alleging many of the same wage and hour violations alleged here, this Court allowed the claims against the non-debtor co-defendants to proceed while a stay was in effect with respect to the corporate defendant that had filed for bankruptcy.  246 F. Supp. 2d at 226.  The Court should do the same in this case.  Only one of the seven Defendants named in the complaint, Plaza Mexico, Inc., has filed for bankruptcy.  (Suppl. Bien Decl. Ex. A.)  The six other Defendants, alleged joint employers of Plaintiffs, have not filed for bankruptcy.[1]  Thus, the case should proceed against them.

---

[1]     Although Defendants claim in their letter to the Court, dated January 5, 2010, that

2

In a January 5, 2010 letter to the Court, Defendants argue that the stay precludes the non-debtor Defendants from answering Plaintiffs' Second Amended Complaint in this case and answering the complaint filed in a related case before this Court, *Paez et al. v. Plaza Mexico, Inc. et al.*, 09-cv-9574. Defendants are wrong. The law is clear that the proceedings are stayed only with respect to the debtor. *Teacher's Ins.*, 803 F.2d at 65. The extension of a stay to non-debtors is an "extraordinary" measure. *Diaz v. Scores Holding Co.*, 07 Civ. 8718, 2008 U.S. Dist. LEXIS 38248, at *8 (S.D.N.Y. May 9, 2008) (quoting *In re McCormick*, 381 B.R. 594, 601 (Bankr. S.D.N.Y. 2008)). Defendants have not cited any reason to apply such an extraordinary measure in this case.

## II. The Court Should Certify the Class and Collective Claims Against the Non-Debtor Defendants Because Plaintiffs Meet the Requirements of Rules 23(a) and (b)(3).

The Court should certify the class and collective claims against the non-debtor Defendants because the stay does not apply to them and Plaintiffs meet all of the requirements of Fed. R. Civ. P. 23(a) and (b)(3) and 29 U.S.C. § 216(b).

### A. Plaintiffs Satisfy the Requirements for Class Certification.

#### 1. Rule 23(a)(1) Is Met.

The proposed class satisfies Rule 23(a)(1) because it consists of more than 40 members. (Declaration of Rachel Bien, dated December 22, 20009 ("Bien Decl.") ¶ 9.) *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members").

#### 2. Rule 23(b)(2) Is Met.

Rule 23(a)(2)'s "'commonality requirement is met if plaintiffs' grievances share a

---

Defendant Pirimides Mayas, Inc. is "expected" to file for bankruptcy, it had not done so at the time of this filing. Thus, the stay does not apply to it. *See* 11 U.S.C. § 362(a) (authorizing a stay only once "a petition" is filed).

common question of law or of fact.'" *Robinson v. Metro-North Commuter R.R.*, 267 F.3d 147, 155 (2d Cir. 2001) (quoting *Marisol A. by Forbes v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997)). "'[C]ourts have liberally construed the commonality requirement to mandate a minimum of one issue common to all class members.'" *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 156 (S.D.N.Y. 2008) (quoting *Trief v. Dun & Bradstreet Corp.*, 144 F.R.D. 193, 198–99 (S.D.N.Y. 1992)). The proper question is whether there is a "unifying thread" among the claims to warrant class certification. *Kamean v. Local 363, Int'l Bhd. of Teamsters*, 109 F.R.D. 391, 394 (S.D.N.Y. 1986).

Plaintiffs' claims raise common questions of law and fact, including: (1) whether it was Defendants' policy and practice to pay Plaintiffs and the members of the Class overtime premium pay for all hours that they worked over forty in a workweek; (2) whether it was Defendants' policy and practice to pay Plaintiffs and the members of the Class the proper minimum wage rate for all hours worked; (3) whether it was Defendants' policy and practice to require Plaintiffs and the members of the Class to share tips with tip ineligible employees; (4) whether it was Defendants' policy and practice to pay Plaintiffs and the members of the Class spread-of-hours pay on days in which they worked more than ten hours; and (5) whether it was Defendants' policy and practice to require Plaintiffs and the members of the Class to pay for required uniforms and for the maintenance of such uniforms. (Bien Decl. Ex. A (Class Member Declarations).) *See O'Dell v. AMF Bowling Ctrs., Inc.*, 09 CV 759 (DLC), 2009 U.S. Dist. LEXIS 85954, at *4 (S.D.N.Y. Sept. 18, 2009); *Reyes v. Buddha-Bar NYC*, 08 Civ. 2494, 2009 U.S. Dist. LEXIS 45277, at *6 (S.D.N.Y. May 28, 2009); *Mohney v. Shelly's Prime Steak,* No. 06 Civ. 4270 (PAC), 2009 U.S. Dist. LEXIS 27899, at *10-11 (S.D.N.Y. Mar. 31, 2009).

### 3. Rule 23(a)(3) Is Met.

Typicality is satisfied "'when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Marisol A.*, 126 F.3d at 376 (quoting *In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992)). While the typicality inquiry is "related to the commonality inquiry, the commonality inquiry establishes the existence of a certifiable class, whereas the typicality inquiry focuses on whether the claims of the putative class representatives are typical of the class sharing common questions." *Damassia*, 250 F.R.D. at 158 (quoting *In re Frontier Ins. Group, Inc. Sec. Litig.*, 172 F.R.D. 31, 41 (E.D.N.Y. 1997)) (internal quotation marks omitted).

To satisfy Rule 23(a)(3), class members' claims must simply arise from "the same course of events" and require "similar legal arguments to prove the defendant's liability." *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993). "[M]inor variations in the fact patterns underlying individual claims" do not defeat typicality when the defendant directs "the same unlawful conduct" at the named plaintiffs and the class. *Id.* "'Since the claims only need to share the same essential characteristics, and need not be identical, the typicality requirement is not highly demanding.'" *Damassia*, 250 F.R.D. at 158 (quoting *Bolanos v. Norwegian Cruise Lines Ltd.*, 212 F.R.D. 144, 155 (S.D.N.Y. 2002)).

Plaintiffs' claims are typical of the claims of the Class they seek to represent because Plaintiffs and the members of the Class were subject to the same compensation policies and practices, which Plaintiffs challenge on a classwide basis. (Bien Decl. Ex. A (Class Member Declarations).) *See O'Dell*, 2009 U.S. Dist. LEXIS 85954, at *4; *Reyes*, 2009 U.S. Dist. LEXIS 45277, at *6; *Mohney*, 2009 U.S. Dist. LEXIS 27899, at *10-11.

### 4. Rule 23(a)(4) Is Met.

Adequacy is satisfied where, "1) plaintiff's interests are not antagonistic to the interests of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000).

The interests of the Named Plaintiffs are not in conflict with the interests of the class they seek to represent. "The fact that plaintiffs' claims are typical of the class is strong evidence that their interests are not antagonistic to those of the class; the same strategies that will vindicate plaintiffs' claims will vindicate those of the class." *Damassia*, 250 F.R.D. at 158. The Named Plaintiffs have demonstrated their commitment to the class by providing counsel with factual information supporting the claims, informing other class members of the lawsuit, and providing supportive declarations. (Bien Decl. ¶ 15.)

Plaintiffs' counsel, Outten & Golden LLP ("O&G") and Fitapelli & Schaffer, LLP ("F&S"), possess the qualifications, experience, and resources to adequately represent the class. District courts in the Second Circuit have found O&G and F&S to be adequate class counsel in wage and hour class actions. *See O'Dell*, 2009 U.S. Dist. LEXIS 85954, at *5-7; *Westerfield v. Washington Mut. Bank*, Nos. 06-cv-2817, 08-cv-00287, 2009 U.S. Dist. LEXIS 94544, at *12-13 (S.D.N.Y. Oct. 8, 2009) ("[O&G] have substantial experience prosecuting . . . employment class actions, including wage and hour class actions and are well-versed in wage and hour law and in class action law") (citation omitted); *Prasker v. Asia Five Eight LLC*, No. 08 Civ. 5811, 2009 U.S. Dist. LEXIS 88163, at *6-7 & n.1 (S.D.N.Y. Sept. 22, 2009) ("Courts have repeatedly found O&G to be adequate class counsel in employment law class actions.")

### 5. Rule 23(b)(3) Is Met.

In addition to satisfying all of Rule 23(a)'s subsections, Plaintiffs must satisfy at least one of Rule 23(b)'s subsections. *Damassia*, 250 F.R.D. at 154-55. Plaintiffs move for class certification under subsection (b)(3). Rule 23(b)(3) is satisfied where (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) a "class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

#### a. Rule 23(b)(3)'s Predominance Requirement.

Rule 23(b)(3)'s predominance inquiry is satisfied where "'the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, . . . predominate over those issues that are subject only to individualized proof.'" *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 136 (2d Cir. 2001) (quoting *Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1233 (11th Cir. 2000)). The essential inquiry is whether "liability can be determined on a class-wide basis, even when there are some individualized damage issues." *Id.* at 139 (citation omitted).

Where plaintiffs are "unified by a common legal theory . . . and by common facts," the predominance requirement is satisfied. *McBean v. City of New York*, 228 F.R.D. 487, 502 (S.D.N.Y. 2005). The common issues that unite the Plaintiffs and the Class—Defendants' policies with respect to payment of overtime and minimum wages and allocation of tips—are subject to generalized proof because all class members were subject to the same compensation policies and practices. (Bien Decl. Ex. A (Class Member Declarations).) *See O'Dell*, 2009 U.S. Dist. LEXIS 85954, at *5; *Reyes*, 2009 U.S. Dist. LEXIS 45277, at *7-8; *Mohney*, 2009 U.S. Dist. LEXIS 27899, at *12.

7

### b.     Rule 23(b)(3)'s Superiority Requirement.

Rule 23(b)(3)'s superiority requirement asks whether "the class action device [is] superior to other methods available for a fair and efficient adjudication of the controversy." *Green v. Wolf Corp.*, 406 F.2d 291, 301 (2d Cir. 1968). Courts consider a non-exclusive list of factors to answer this question, including the desirability of concentrating the litigation in a particular forum; whether individual class members wish to bring, or have already brought, individual actions; and the difficulties of managing the case as a class action. Fed. R. Civ. P. 23(b)(3). Denying class certification on manageability grounds is "disfavored" and "should be the exception rather than the rule." *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d at 140 (internal quotation marks omitted).

The Court can more efficiently answer the question of whether Defendants' compensation policies are lawful "through a class action than through case-by-case adjudication." *See Whiteway v. FedEx Kinko's Office & Print Servs.*, No. C 05-2320 SBA, 2006 U.S. Dist. LEXIS 69193, at *28 (N.D. Cal. Sept. 14, 2006). Concentrating the action in one forum will preserve judicial resources and avoid the risk of conflicting outcomes. *See Torres v. Gristede's Operating Corp.,* 04 Civ. 3316, 2006 U.S. Dist. LEXIS 74039, at *54 (S.D.N.Y. Sept. 29, 2006).

Litigation of the case on a class basis will not be unmanageable. The core issues in this case – whether Defendants' compensation policies were lawful and, if not, the amount and extent of wages owed – may be addressed through common evidence. *See Grochowski v. Phoenix Constr.,* 318 F.3d 80, 88 (2d Cir. 2003) ("not all employees need testify in order to prove FLSA violations or recoup back-wages, . . . [there must be] sufficient evidence for the jury to make a reasonable inference as to the number of hours worked by the non-testifying employees")

(citation omitted); *Jankowski*, 2006 U.S. Dist. LEXIS 4237, at *16-17 (plaintiffs "need not present testimony from each underpaid employee; rather, it is well-established that [they] may present the testimony of a representative sample of employees as part of [their] proof of the prima facie case under the FLSA") (internal quotation marks and citation omitted).

> **B.    The Court Should Appoint Plaintiffs' Counsel as Class Counsel Because They Satisfy Fed. R. Civ. P. 23(g).**

The Court should appoint Plaintiffs' Counsel as Class Counsel because they meet all of the requirements of Rule 23(g).  Rule 23(g) requires the Court to consider: "[1] the work counsel has done in identifying or investigating potential claims in the action, [2] counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action, [3] counsel's knowledge of the applicable law, and [4] the resources that counsel will commit to representing the class."  Fed. R. Civ. P. 23(g)(1)(A).

Plaintiffs' Counsel have done substantial work identifying, investigating, and gathering evidence to support Plaintiffs' and the class members' claims, have significant experience litigating wage and hour class actions, including restaurant cases like this one, and have the resources to continue to prosecute this case until its completion.  (Bien Decl. ¶¶ 11-14.)  *See O'Dell*, 2009 U.S. Dist. LEXIS 85954, at *5-7 (appointing O&G and F&S as class counsel); *Westerfield*, 2009 U.S. Dist. LEXIS 54553, at *9-10 ("O&G lawyers have substantial experience prosecuting and settling employment class actions, including wage and hour class actions and are well-versed in wage and hour law and in class action law" and have been "repeatedly found . . . to be adequate class counsel in employment law class actions") (citation omitted); *Damassia*, 250 F.R.D. at 165; *Torres*, 2006 U.S. Dist. LEXIS 74039, at *49; *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 87 (S.D.N.Y. 2001).

9

### C.  Plaintiffs Satisfy the Requirements for Collective Certification.

Plaintiffs ask this Court to certify the following FLSA collective for purposes of sending out notice pursuant to 29 U.S.C. § 216(b): "All servers, bussers, runners, bartenders, and other similarly situated tipped food service workers who work or have worked at Mama Mexico restaurants between May 29, 2006 and the date of final judgment, and who opt in (or who have already opted in) to this action."

To satisfy § 216(b)'s "fairly lenient" certification standard, *Torres*, 2006 U.S. Dist. LEXIS 74039, at *23, Plaintiffs must establish that other employees are "similarly situated" to them. *Realite v. Ark Rests, Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998). Plaintiffs and the members of the proposed FLSA collective are "similarly situated" within the meaning of § 216(b) because they were subject to the same allegedly unlawful compensation policies. (Bien Decl. Ex. A (Class Member Declarations).) *See Damassia v. Duane Reade, Inc*., No. 04 Civ. 8819, 2006 U.S. Dist. LEXIS 73090, at *13-14 (S.D.N.Y. Oct. 5, 2006) (plaintiffs who were subject to same overtime policy were similarly situated to opt in plaintiffs).

### CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court certify the class and collective claims against the non-debtors and appoint Plaintiffs' Counsel as Class Counsel.

Dated:     January 6, 2010
           New York, New York

                              Respectfully submitted,

                              **OUTTEN & GOLDEN LLP**
                              By:

                              /s/ Rachel Bien
                              Rachel Bien (RB 6919)

10

**OUTTEN & GOLDEN LLP**
Justin M. Swartz (JS 7989)
Rachel Bien (RB 6919)
Juno E. Turner (JT 1978)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli (JAF 9058)
Brian S. Schaffer (BSS 7548)
1250 Broadway, Suite 3701
New York, New York 10001
Telephone:  (212)300-0375

**Attorneys for Plaintiffs and the Putative Class and Collective**