UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
TERESA LARA BENAVIDEZ, et al.,

                         Plaintiffs,

    -against-

PLAZA MEXICO, INC., et al.,

                         Defendants.
-------------------------------------------------------------- x

**ORDER REGULATING PROCEEDINGS**

09 Civ. 5076 (AKH)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/23/2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
GUILLERMO PAEZ, et al.,

                         Plaintiffs,

    -against-

PLAZA MEXICO, INC., et al.,

                         Defendants.
-------------------------------------------------------------- x

09 Civ. 9574 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        In these two Fair Labor Standards Act cases against a corporate employer and two of its principals, the corporate employer filed in December 2009 for protection under the bankruptcy laws against claims of creditors of the corporate Defendant. Pending clarification concerning the impact of the bankruptcy filing, I denied plaintiffs' motion to certify classes

1

under federal and state law. Order, <u>Benavidez v. Plaza Mexico, Inc.</u>, 09 Civ. 5076, Doc. No. 52 (Jan. 27, 2010).

The parties have now reported that the bankruptcy proceedings are ongoing, and that a bar date is to be fixed for claims of creditors, including claims by employees. Defendants ask me to stay proceedings in this Court in favor of the proceedings in the Bankruptcy Court. Plaintiffs ask me to proceed with the lawsuits against the principals of the corporate defendant, arguing they are joint employers.

Resolution of this issue will require a motion by the plaintiffs to sever the action against the individuals from the action against the corporate defendant, in order to continue against the individuals and to dismiss the corporate defendant without prejudice to the bankruptcy proceedings against it. Presumably, the plaintiffs will be filing claims against the corporate defendant in the bankruptcy proceedings, and moving again to certify classes in the actions before me.

Proceedings of this nature, split between the District Court and the Bankruptcy Court, can become complicated. The corporate employer may become liable for post-bankruptcy infractions. The Bankruptcy Court may entertain relief by staying actions against the bankrupt's officers. 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."). These matters can be considered if and when they arise.

SO ORDERED.

Dated: February 23, 2010
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

2