| | |
|---|---|
| **OUTTEN & GOLDEN LLP** | **FITAPELLI & SCHAFFER, LLP** |
| Justin M. Swartz | Joseph A. Fitapelli |
| Rachel M. Bien | Brian S. Schaffer |
| Juno E. Turner | 1250 Broadway, Suite 3701 |
| 3 Park Avenue, 29th Floor | New York, New York 10001 |
| New York, New York 10016 | Telephone: (212) 300-0375 |
| Telephone: (212) 245-1000 | |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERESA LARA BENAVIDEZ, MARIA DE LOURDES GALVEZ, JAMIE HUERTA, FLORA ZURITA, MARIA DE LOURDES VASCONEZ ALARCON, LABRARMY GARCIA, and ESTEBAN NADER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>PIRAMIDES MAYAS INC., MAMA MEXICO MIDTOWN REALTY LLC, SHADDAI INC., MAMA MEXICO ENGLEWOOD REALTY LLC, JUAN ROJAS CAMPOS, and LAURA CHAVEZ,<br><br>Defendants. | 09 CIV 5076 (THK) |
| GUILLERMO PAEZ, EMILIANO ESPINOZA, and PEDRO NASARIO, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>PIRAMIDES MAYAS INC., MAMA MEXICO MIDTOWN REALTY LLC, SHADDAI INC., MAMA MEXICO ENGLEWOOD REALTY LLC, JUAN ROJAS CAMPOS and LAURA CHAVEZ,<br><br>Defendants. | 09 CIV 9574 (THK) |

**DECLARATION OF RACHEL BIEN IN SUPPORT OF PLAINTIFFFS'
<u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

1.	I am an associate at Outten & Golden LLP ("O&G"), which, together with Fitapelli & Schaffer, LLP, are attorneys for Plaintiffs in the above-referenced action. I am an attorney in good standing admitted to practice in the State of New York and before this Court. I have personal knowledge of the facts stated in this declaration.

2.	Plaintiffs and opt in Plaintiffs ("Plaintiffs") are seventy-one front- and back-of-the house service workers, including servers, runners, bussers, bartenders, dishwashers, and cooks, who worked at three upscale Mexican restaurants called "Mama Mexico" in New York City and New Jersey between May 29, 2003 and December 31, 2009 (the "Covered Period").

3.	Plaintiffs Teresa Lara Benavidez, Maria De Lourdes Galvez, Jamie Huerta, and Flora Zurita filed a class and collective action complaint against Defendants Plaza Mexico Inc., Piramides Mayas Inc., Mama Mexico Midtown Realty LLC, Juan Rojas Campos, Vincente Rojas, and Miguel Rojas on May 29, 2009, on behalf of themselves and all tipped, hourly food service workers ("Front-of-the-House workers"). Docket No. 1.[1]

4.	Plaintiffs amended their complaint on August 17, 2009, eliminating claims for sexual harassment and pregnancy discrimination under the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-107 *et seq*. Docket No. 9.

5.	Plaintiffs Guillermo Paez, Emiliano Espinoza, and Pedro Nasario filed a class and collective action complaint against Defendants Plaza Mexico, Inc., Piramides Mayas, Inc., Mama Mexico Midtown Realty LLC, Shaddai Inc., Mama Mexico Englewood Realty LLC, Juan Rojas Campos, and Laura Chavez on behalf of themselves and all cooks, dishwashers, and other kitchen workers ("Back-of-the-House workers") on November 18, 2009. Matter No. 09 Civ. 9574 Docket No. 1.

---

[1]	Because Plaintiffs filed their cases as related matters, citations to the Docket herein will be to Matter No. 09 Civ. 5076, unless otherwise indicated.

6. On December 24, 2009, Plaza Mexico, Inc. filed for Chapter 11 bankruptcy in the U.S. Bankruptcy Court for the Southern District of New York.[2] On August 6, 2010, Plaintiffs moved to sever the debtor without prejudice pending the bankruptcy and for an order permitting them to proceed against the non-debtor Defendants. Docket No. 64. On October 1, 2010, the Court granted Plaintiffs' motion. Docket No. 74.

7. On October 6, 2010, Plaintiffs filed a Third Amended Complaint on behalf of the Front-of-the-House workers, and a First Amended Complaint on behalf of the Back-of-the-House workers, which eliminated the claims against the debtor. True and correct copies of the Third Amended Complaint and the First Amended Complaint are attached hereto as **Exhibits A** and **B**, respectively.

8. Defendants filed their Answers on October 18, 2010. True and correct copies of their Answers are attached hereto as **Exhibits C** and **D**.

9. Plaintiffs served discovery requests on November 30, 2009, in response to which Defendants produced payroll records, employee policies, employee schedules, and Defendants' tax returns. Plaintiffs also took the depositions of Defendant Laura Chavez and Leonardo Vidals, a general manager who worked at all three Mama Mexico locations, in October and November 2010.

10. The parties engaged in settlement discussions beginning in March 2010 and entered into a tolling agreement.[3] After several weeks of negotiation, they agreed to a monetary

---

[2] None of the other entities or individuals sued as Defendants in this case has filed for bankruptcy.
[3] The tolling agreement tolled the statute of limitations for Plaintiffs' claims from March 4, 2010 through the end of settlement negotiations. A true and correct copy of the tolling agreement is attached hereto as **Exhibit E**.

amount and reduced nearly all of the other terms of the settlement to a detailed settlement agreement.

11. While the parties negotiated the final details, Defendants informed Plaintiffs that they would be unable to meet their monetary obligations under the settlement, including payments that were to begin soon after the parties had executed the agreement. Defendants have not engaged in settlement discussions since then, despite Plaintiffs' invitations to do so.

12. On December 15, 2010, the Court entered the parties' request for all matters to be referred to the Magistrate Judge. *See* Docket No. 78.

13. On June 21, 2011, Plaintiffs submitted a proposed notice pursuant to Section 216(b) of the Fair Labor Standards Act to the Court, to which Defendants did not object and which the Court approved on June 29, 2011. Docket No. 83. On August 5, 2011, a claims administrator mailed the notice to 479 potential collective members. In response to the notice, 35 individuals joined the case by returning their Consent to Join forms.

14. On September 28, 2011, the Court held a status conference during which Plaintiffs sought leave to file this motion. The Court instructed Plaintiffs to outline the issues on which they intended to move in a letter to Defendants in order to potentially limit the issues and streamline Plaintiffs' motion.

15. Plaintiffs complied with the Court's instructions and sent Defendants a letter on October 3, 2011, in which they outlined the basis for their anticipated motion and cited to record evidence. In response to the letter, Defendants notified Plaintiffs that they intended to withdraw as counsel and seek a stay of litigation.

16. On November 2, 2011, the Court entered an order permitting Defendants' counsel to withdraw and requiring the corporate Defendants to file a notice of appearance for their new

counsel no later than December 5, 2011 or default. The Court also ordered Plaintiffs to file their motion on December 16, 2011. Docket No. 100.

17. To date, Defendants have not entered a notice of appearance for any new counsel.

18. Attached hereto as **Exhibit F** are earnings statements from 2008 and 2009 issued by Piramides Mayas Inc.

19. Attached hereto as **Exhibit G** are earnings statements from 2008 and 2009 issued by Shaddai Inc.

20. Attached hereto as **Exhibit H** is a true and correct copy of Piramides Mayas Inc.'s 2009 tax returns.

21. Attached hereto as **Exhibit I** is a true and correct copy of Shaddai Inc.'s 2009 tax returns.

22. Attached hereto as **Exhibit J** is a true and correct copy of relevant excerpts of the deposition transcript of Laura Chavez, dated November 2, 2010 ("Chavez Tr.").

23. Attached hereto as **Exhibit K** is a true and correct copy of relevant excerpts of the deposition transcript of Leonardo Vidals, dated October 27, 2010 ("Vidals Tr.").

24. Attached hereto as **Exhibit L** is a true and correct copy of the Declaration of Maria De Lourdes Vasconez Alarcon, dated November 23, 2009 ("Alarcon Decl.").

25. Attached hereto as **Exhibit M** is a true and correct copy of the Declaration of Theresa Lara Benavidez, dated December 1, 2009 ("Benavidez Decl.").

26. Attached hereto as **Exhibit N** is a true and correct copy of the Declaration of Jamie Huerta, dated December 16, 2009 ("Huerta Decl.").

27. Attached hereto as **Exhibit O** is a true and correct copy of the Declaration of Esteban Nader, dated November 19, 2009 ("Nader Decl.").

28. Attached hereto as **Exhibit P** is a true and correct copy of the Declaration of Adriana Reyes, dated November 24, 2009 ("Reyes Decl.").

29. Attached hereto as **Exhibit Q** is a true and correct copy of the Declaration of Obdulio Rosines, dated July 7, 2010 ("Rosines Decl.").

30. Attached hereto as **Exhibit R** is a true and correct copy of the Declaration of Florentino Saldana, dated July 1, 2010 ("Saldana Decl.").

31. Attached hereto as **Exhibit S** are true and correct copies of paychecks signed by Defendant Rojas Campos.

32. Attached hereto as **Exhibit T** is a true and correct copy of the order issued in *Meng L. Ji v. Belle World Beauty, Inc.*, No. 603228/08 (N.Y. Sup. Ct. August 24, 2011) (Solomon, J.).

Dated:  December 16, 2011
         New York, New York

                                  /s/ Rachel Bien
                                  Rachel Bien

                                  Outten & Golden LLP
                                  3 Park Avenue, 29th Floor
                                  New York, New York 10016
                                  Telephone:  (212) 245-1000