| | |
|---|---|
| **OUTTEN & GOLDEN LLP** | **FITAPELLI & SCHAFFER, LLP** |
| Justin M. Swartz | Joseph A. Fitapelli |
| Rachel Bien | Brian S. Schaffer |
| Juno Turner | 475 Park Ave South, 12th Floor |
| 3 Park Avenue, 29th Floor | New York, New York 10016 |
| New York, New York 10016 | Telephone:  (212) 300-0375 |
| Telephone:  (212) 245-1000 | |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERESA LARA BENAVIDEZ, MARIA DE LOURDES GALVEZ, JAMIE HUERTA, FLORA ZURITA, MARIA DE LOURDES VASCONEZ ALARCON, LABRARMY GARCIA, and ESTEBAN NADER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>PIRAMIDES MAYAS INC., MAMA MEXICO MIDTOWN REALTY LLC, SHADDAI INC., MAMA MEXICO ENGLEWOOD REALTY LLC, JUAN ROJAS CAMPOS, and LAURA CHAVEZ,<br><br>Defendants. | 09 CIV 5076 (KNF) |
| GUILLERMO PAEZ, EMILIANO ESPINOZA, and PEDRO NASARIO, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>PIRAMIDES MAYAS INC., MAMA MEXICO MIDTOWN REALTY LLC, SHADDAI INC., MAMA MEXICO ENGLEWOOD REALTY LLC, JUAN ROJAS CAMPOS and LAURA CHAVEZ,<br><br>Defendants. | 09 CIV 9574 (KNF) |

**PLAINTIFFS' TRIAL PLAN PURSUANT TO § 3(B) OF THE INDIVIDUAL
<u>PRACTICES OF MAGISTRATE JUDGE KEVIN NATHANIEL FOX</u>**

I.      **INTRODUCTION**

Plaintiffs respectfully submit this trial plan in advance of the hearing scheduled for October 16, 2012.  In a decision issued on February 15, 2012, the Honorable Theodore Katz granted Plaintiffs' motion for summary judgment, ruling that Mama Mexico had a policy or practice of failing to pay overtime and spread-of-hours pay, and failing to pay tipped workers for the cost and maintenance of required uniforms.  *Benavidez v. Plaza Mexico, Inc.*, Nos. 09 Civ. 5076, 09 Civ. 9574, 2012 WL 500428, at *6 (S.D.N.Y. Feb. 15, 2012).  The purpose of the October 16th hearing is to determine the amount of damages owed to Plaintiffs as a result of Defendants' unlawful wage and hour policies.

Plaintiffs plan to present the live testimony[1] of approximately 20 Plaintiffs, all of whom are former employees of one or more of the three Mama Mexico restaurants: 2672 Broadway, New York, New York (hereinafter referred to as the "102nd Street" location); 214 49th Street, New York, New York (hereinafter referred to as the "49th Street" location); and 464 Sylvan Avenue, Englewood Cliffs, New Jersey (hereinafter referred to as the "New Jersey" location).  These witnesses will provide testimony about the hours that they worked, including any vacation days or sick days that they took, as well as general information about the hours that Mama Mexico was open and the length of shifts.  As discussed in Plaintiffs' Pre-Trial Memorandum Regarding Use of Representative Testimony to Establish Damages, ECF No. 132, the Court can determine the damages owed to non-testifying Plaintiffs from the testimony of these testifying witnesses.  In addition, Plaintiffs may present either live testimony or, if necessary, the deposition testimony of Leonardo Vidals, a former manager at the 49th Street and New Jersey locations, to corroborate Plaintiffs' testimony.

---

[1] Plaintiffs anticipate that the vast majority of this testimony will be presented through a translator.  Plaintiffs have engaged a translator for the hearing from the firm of Languages R Us, Inc.

In addition to live testimony, Plaintiffs may introduce certain records maintained by Mama Mexico, including employee manuals, which set forth the start and end times for lunch and dinner shifts, and sample work schedules, which demonstrate how long the lunch and dinner shifts typically lasted and the frequency with which employees worked double shifts.

Finally, Plaintiffs may introduce declarations previously submitted with the Motion for an Award of Damages, Attorneys' Fees, and Costs, ECF No. 120, where clarification of the declarants' testimony is necessary.

## II.   DAMAGES AND RELIEF

This section explains how the applicable laws are applied to calculate damages for the two categories of Plaintiffs: Front-of-the House and Back-of-the-House workers. Plaintiffs will submit detailed calculations of their damages in their post-hearing submission.

### A.   Front-of-the-House Plaintiffs

In granting summary judgment for Plaintiffs, the Court made several findings that are relevant to Plaintiffs' damages calculations. First, it found that Defendants had maintained a policy and practice of paying "Front-of-the-House Workers" – servers, runners, bussers, and bartenders – approximately $184.00 for working five shifts and approximately $30.00 for every additional shift in a workweek. *Benavidez*, 2012 WL 500428, at *4. Second, it found that Mama Mexico failed to pay Front-of-the-House Workers overtime for hours worked over 40 in a week and an extra hour of pay at the minimum wage rate on days in which Plaintiffs worked more than 10 hours ("spread of hours"). *Id*. at *6. Third, the Court further found that Mama Mexico required Front-of-the-House Workers to purchase required uniforms for which they should have been reimbursed pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.8, and for which they should have been paid weekly maintenance amounts pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.7. *Id*.

1.    **Minimum Wage Claims**

The minimum wage damages of Front-of-the-House Plaintiffs consist of the difference between what they were actually paid per hour based on the shift pay scheme discussed above and the applicable minimum wage hourly rate.[2]  A representative sampling of Front-of-the-House Plaintiffs will testify about the approximate number of shifts that they worked per week, the approximate number of hours in each shift, and approximately how many breaks they took per day and the approximate length of each break.  Based on this information, the Court will be able to calculate each Plaintiff's unpaid minimum wages.

2.    **Overtime Claims**

The overtime damages of Front-of-the-House Plaintiffs are calculated by multiplying their hourly rate by the number of hours they worked in excess of 40 each workweek.  29 U.S.C. § 207(a)(1); N.Y. Comp. Codes R. & Regs. tit. 12 §§ 142-2.2, 146-1.4; N.J. Stat. Ann. § 34:11-56a4.  Where an employee's regular rate of pay is less than the minimum wage, the overtime rate is calculated based on the highest applicable minimum wage.  *See* 29 C.F.R. § 778.5.  The same representative testimony discussed above that supports Plaintiffs' minimum wage damages will also establish the approximate number of overtime hours they worked each workweek.

---

[2]    The Court found that the "tip credit" rate available under 29 U.S.C. § 203(m) did not apply because Defendants failed to give proper notice under that the tip credit rate would apply as Section 203(m) requires.  *See Benavidez*, 2012 WL 500428, at *6.  Thus, the full minimum wage rate should be used to calculate Plaintiffs' minimum wage damages and that rate at time-and-a-half should be used to calculate Plaintiffs' overtime damages.  For Plaintiffs who worked in New York, the minimum hourly wage rate during the relevant period was: $5.15 from May 29, 2003 through December 31, 2004; $6.00 from January 1, 2005 through December 31, 2005; $6.75 from January 1, 2006 through December 31, 2006; $7.15 from January 1, 2007 through July 23, 2009; and $7.25 from July 24, 2009 through December 31, 2009.  For Plaintiffs who worked in New Jersey, the minimum hourly wage rate during the relevant period was: $5.15 from May 29, 2003 through September 30, 2005; $6.15 from October 1, 2005, $6.15 through September 30, 2006; $7.15 from October 1, 2006 through July 23, 2009; and $7.25 from July 24, 2009 through December 31, 2009.

### 3. Spread-of-Hours Claims

The spread-of-hours damages of Front-of-the-House Plaintiffs consist of one hour of pay at the applicable minimum wage rate for each day during which they worked more than 10 hours. To establish this category of damages, a representative sampling of Plaintiffs will testify about the approximate number of days per week when they typically worked more than ten hours.

### 4. Uniform Reimbursement and Maintenance Claims

The uniform claims of Front-of-the House Plaintiffs consist of two elements: (1) unreimbursed costs for the uniforms that the Court found they were required to wear; and (2) weekly statutory payments for uniform maintenance. With respect to the first element, a representative sampling of Plaintiffs will testify about the approximate amount that they expended for their required uniforms for which they were not reimbursed. Other than testimony about dates of employment, which Plaintiffs will provide, no other testimony is required to establish the uniform maintenance damages because the damages are set by regulation. *See* N.Y. Comp. Codes R. & Regs. tit. 12 § 146-1.7.

### B. Back-of-the-House Plaintiffs

The Court made two findings that are relevant to Back-of-the-House Plaintiffs' damages. First, it found that Defendants maintained a policy and practice of paying Back-of-the-House Workers a fixed salary regardless of the actual hours that they worked. *Benavidez*, 2012 WL 500428, at *4. Second, the Court found that Defendants failed to pay Back-of-the-House Workers overtime for hours that they worked over 40 in a workweek and failed to pay them spread-of-hours pay. *Id.* at *6.

1. **Overtime Claims**

The overtime damages of Back-of-the-House Plaintiffs are calculated by determining their regular rate of pay at the time-and-a-half rate and multiplying it by the number of hours that they worked over forty in a workweek. 29 U.S.C. § 207(a)(1); N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2; N.J. Stat. Ann. § 34:11-56a4. A representative sampling of Plaintiffs will testify about the number of hours that they typically worked over forty in a workweek and the amounts that they were paid as their salaries.

2. **Spread-of-Hours Claims**

The spread-of-hours damages of Back-of-the-House Plaintiffs consist of one hour of pay at the applicable minimum wage rate for each day during which they worked more than 10 hours. To establish this category of damages, a representative sampling of Plaintiffs will testify about the approximate number of days per week when they typically worked more than ten hours.

C. **Liquidated Damages**

The Court ruled that all Plaintiffs are entitled to 100% liquidated damages under federal law and, for Plaintiffs who worked in New York, 25% liquidated damages under New York law. *Benavidez*, 2012 WL 500428, at *6-9.

D. **Prejudgment Interest**

New York law provides for an award of prejudgment interest calculated at 9% per year. N.Y. C.P.L.R. § 5001.

E. **Costs and Attorneys' Fees**

As the prevailing parties, Plaintiffs are entitled to recover their costs and reasonable attorneys' fees. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law § 198(4); N.J. Stat. Ann. § 34:11-56a25; *Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316, 2012 WL 3878144, at *1 (S.D.N.Y.

Aug. 6, 2012) ("a prevailing [FLSA] plaintiff is entitled to recover reasonable attorneys' fees and costs from the defendant").

Because courts typically determine attorneys' fees and costs based on the submission of contemporaneous fee records and written fee application, Plaintiffs do not anticipate introducing live testimony or exhibits in support of their application for attorneys' fees and costs. However, they will be available to testify regarding any questions that the Court may have regarding the fee records that Plaintiffs previously submitted. *See* ECF No. 122 (Bien Decl.) Ex. E. In addition, Plaintiffs respectfully request that they be permitted to submit an updated fee petition as part of their post-trial submission.

### III. WITNESSES

#### A. Potential Witnesses:

##### 1. Front-of-the-House Plaintiffs

| Name | Location(s) employed | Areas of testimony |
|---|---|---|
| Liliana Catalan | 102nd Street<br>49th Street<br>New Jersey | Dates of employment; hours worked; uniform costs. |
| Margarita Montiel | 102nd Street<br>49th Street<br>New Jersey | Dates of employment; hours worked; uniform costs. |
| Eduardo Pelaez | 102nd Street | Dates of employment; hours worked; uniform costs. |
| Idelfonso Sanchez | 102nd Street | Dates of employment; hours worked; uniform costs. |
| Maria de Lourdes Vasconez Alarcon | 102nd Street<br>New Jersey | Dates of employment; hours worked; uniform costs. |
| Flora Zurita | 102nd Street | Dates of employment; hours worked; uniform costs. |
| Esteban Nader | 49th Street | Dates of employment; hours worked; uniform costs. |
| Heladio Reyes | 49th Street<br>New Jersey | Dates of employment; hours worked; uniform costs. |
| Martha Salazar | 49th Street | Dates of employment; hours worked; uniform costs. |

| Nestor Sanchez | 49th Street | Dates of employment; hours worked; uniform costs. |
| Yovan Valderrabano | 49th Street | Dates of employment; hours worked; uniform costs. |
| Marisol Velez Morales | 49th Street<br>New Jersey | Dates of employment; hours worked; uniform costs. |
| Janet Jimenez | 49th Street<br>New Jersey | Dates of employment; hours worked; uniform costs. |
| Ricardo Diestro | New Jersey | Dates of employment; hours worked; uniform costs. |
| Cass Isles | New Jersey | Dates of employment; hours worked; uniform costs. |
| Osmin Monge | New Jersey | Dates of employment; hours worked; uniform costs. |
| Jose Perez Onofre | New Jersey | Dates of employment; hours worked; uniform costs. |
| Carlos Vela | New Jersey | Dates of employment; hours worked; uniform costs. |

2. **Back-of-the-House Plaintiffs**

| Name | Location(s) employed | Areas of testimony |
| --- | --- | --- |
| Eriberto Balbuena | 102nd Street | Dates of employment; hours worked; salary. |
| Emiliano Espinoza | 102nd Street | Dates of employment; hours worked; salary. |
| Sergio Mariano | 102nd Street | Dates of employment; hours worked; salary. |
| Luis Antonio Martinez | 102nd Street | Dates of employment; hours worked; salary. |
| Mario Ortiz | 102nd Street | Dates of employment; hours worked; salary. |
| Guillermo Paez | 102nd Street<br>49th Street<br>New Jersey | Dates of employment; hours worked; salary. |
| Jose Perez Onofre | 102nd Street | Dates of employment; hours worked; salary. |
| Raul Reyes | 102nd Street | Dates of employment; hours worked; salary. |
| Ambrocino Romero | 102nd Street | Dates of employment; hours worked; salary. |
| Obdulio Rosines | 102nd Street<br>49th Street | Dates of employment; hours worked; salary. |

| Pedro Valle Juarez | 102nd Street | Dates of employment; hours worked; salary. |
| Jesus Martinez | New Jersey | Dates of employment; hours worked; salary. |

### 3. Former Manager

| Name | Location(s) employed | Areas of testimony |
| Leonardo Vidals | 49th Street<br>New Jersey | Dates and hours of employment and compensation for front-of-the-house employees at the 49th Street and New Jersey Mama Mexico restaurants |

## IV. EXHIBITS

| Exhibit No. | Bates | Description |
| --- | --- | --- |
| 1 | P000001 – P000037 | Personnel Manual for the 102nd Street and 49th Street locations. |
| 2 | P000038 | Sample schedule for Front-of-the-House Workers at the 49th Street location. |
| 3 | P000039 – P000076 | Sample schedule for Front-of-the-House Workers at the 49th Street location. |
| 4 | P000077 – P000085 | Declaration of Liliana Catalan |
| 5 | P000086 – P000094 | Declaration of Margarita Montiel |
| 6 | P000095 – P000096 | Declaration of Eduardo Pelaez |
| 7 | P000097 – P000099 | Declaration of Idelfonso Sanchez |
| 8 | P000100 – P000104 | Declaration of Maria de Lourdes Vasconez Alarcon |
| 9 | P000105 – P000106 | Declaration of Flora Zurita |
| 10 | P000107 – P000111 | Declaration of Esteban Nader |
| 11 | P000112 – P000117 | Declaration of Heladio Reyes |
| 12 | P000118 – P000120 | Declaration of Martha Salazar |
| 13 | P000121 – P000122 | Declaration of Nestor Sanchez |
| 14 | P000123 – P000124 | Declaration of Yovan Valderrabano |
| 15 | P000173 – P000178 | Declaration of Marisol Morales Velez |
| 16 | P000125 – P000126 | Declaration of Ricardo Diestro |

| 17 | P000127 – P000128 | Declaration of Cass Isles |
| 18 | P000129 – P000131 | Declaration of Osmin Monge |
| 19 | P000138 – P000139 | Declaration of Carlos Vela |
| 20 | P000140 – P000142 | Declaration of Eriberto Balbuena |
| 21 | P000143 – P000145 | Declaration of Emiliano Espinoza |
| 22 | P000146 – P000148 | Declaration of Sergio Mariano |
| 23 | P000149 – P000151 | Declaration of Luis Antonio Martinez |
| 24 | P000152 – P000154 | Declaration of Mario Ortiz |
| 25 | P000155 – P000160 | Declaration of Guillermo Paez |
| 26 | P000161 – P000163 | Declaration of Raul Reyes |
| 27 | P000164 – P000166 | Declaration of Ambroncio Romero |
| 28 | P000167 – P000169 | Declaration of Obdulio Rosines |
| 29 | P000170 – P000172 | Declaration of Pedro Valle Juarez |

Dated: October 1, 2012
      New York, New York

Respectfully submitted,

 */s/ Rachel Bien*
Rachel Bien

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Rachel Bien
Juno Turner
3 Park Avenue, 29th Floor
New York NY 10016
(212) 245-1000

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli
Brian S. Schaffer
475 Park Ave South, 12th Floor
New York, New York 10016
Telephone:  (212) 300-0375